United States District Court
Central District of California
Eastern Division                                    JS-6

Elizabeth La Fuente,

               Plaintiff,            EDC V 15-1899-VAP (KKx)

      v.

Cott Beverages, Inc. et al.,       **Order Granting Motion to Remand**

               Defendants.

## I. BACKGROUND

Plaintiff Elizabeth La Fuente filed this a class action lawsuit against Defendants Cott Beverages, Inc. and Cott Corporation on July 28, 2015 in the Superior Court for the County of San Bernardino alleging ten violations of the California Labor Code. (See generally Complaint.) On September 16, 2015, Defendant Cott Beverages, Inc. removed the case to the U.S. District Court for the Central District of California. (Removal (Doc. No. 1)).

## II.   LEGAL STANDARD

Removal jurisdiction is governed by statute. See 28 U.S.C. §§ 1441 et seq.; Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979) ("The removal jurisdiction of the federal courts is derived entirely from the statutory authorization of Congress" (citations omitted)). Defendants may remove a case to a federal court when a case originally filed in state court presents a federal question or is between citizens of different states. See

28 U.S.C. §§ 1441(a)-(b), 1446, 1453. Only those state court actions that originally could have been filed in federal court may be removed. 28 U.S.C. § 1441(a); Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).

Although CAFA gives district courts diversity jurisdiction to hear class actions, defendants must show that "any member of a class of plaintiffs is a citizen of a State different from any defendant" (minimum diversity); the number of members of the proposed plaintiff class exceeds 100 in the aggregate (numerosity); and "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs" (amount in controversy). 28 U.S.C. §1332(d); see also Luther v. Countrywide Home Loans Servicing LP, 533 F.3d 1031, 1033-34 (9th Cir. 2008); Serrano v. 180 Connect, Inc., 478 F.3d 1018, 1020-21 (9th Cir. 2007).

A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation. Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 554 (2014). When the removed complaint fails to allege a specific amount in controversy, or when the complaint alleges an amount in controversy less than the jurisdictional threshold, the removing defendant must prove by a preponderance of the evidence that the amount in controversy is greater than $5,000,000. Rodriguez v. AT&T Mobility Servs., No. 13-56149, 2013 WL 4516757, at *6-7 (9th Cir. Aug. 27, 2013) (citing Standard Fire Ins. Co. v. Knowles, 133 S. Ct. 1345, 1348 (2013)); Lewis v. Verizon Commc'ns, Inc.,

28 U.S.C. §§ 1441(a)-(b), 1446, 1453.  Only those state court actions that originally could have been filed in federal court may be removed.  28 U.S.C. § 1441(a); Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).

Although CAFA gives district courts diversity jurisdiction to hear class actions, defendants must show that "any member of a class of plaintiffs is a citizen of a State different from any defendant" (minimum diversity); the number of members of the proposed plaintiff class exceeds 100 in the aggregate (numerosity); and "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs" (amount in controversy).  28 U.S.C. §1332(d); see also Luther v. Countrywide Home Loans Servicing LP, 533 F.3d 1031, 1033-34 (9th Cir. 2008); Serrano v. 180 Connect, Inc., 478 F.3d 1018, 1020-21 (9th Cir. 2007).

A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.  Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation.  Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 554 (2014).  When the removed complaint fails to allege a specific amount in controversy, or when the complaint alleges an amount in controversy less than the jurisdictional threshold, the removing defendant must prove by a preponderance of the evidence that the amount in controversy is greater than $5,000,000.  Rodriguez v. AT&T Mobility Servs., No. 13-56149, 2013 WL 4516757, at *6-7 (9th Cir. Aug. 27, 2013) (citing Standard Fire Ins. Co. v. Knowles, 133 S. Ct. 1345, 1348 (2013)); Lewis v. Verizon Commc'ns, Inc.,

627 F.3d 395, 400 (9th Cir. 2010) (citing Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir. 2007)).  If a defendant fails to meet the requisite burden of proof, a court must remand for lack of subject matter jurisdiction.

In determining the amount in controversy, the Court considers not only the facts alleged in the complaint, taken as true for purposes of calculating the amount, but also "summary-judgment-type evidence relevant to the amount in controversy at the time of removal."  Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 377 (9th Cir. 1997).  "[T]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability."  Lewis, 627 F.3d at 400.

### III.   DISCUSSION

#### A.   The Amount-in-Controversy Requirement

Plaintiff argues that Defendants have not satisfied CAFA's amount-in-controversy requirement, and therefore this action must be remanded.  In the Notice of Removal, Defendants calculated the possible damages that the proposed class could receive.

#### 1. Alleged Meal Period Violations

Plaintiff seeks meal period premiums dating back four years from the filing of the Complaint, to July 28, 2011.  (See Compl. ¶¶ 67, 117.)  During the relevant time period, Cott Inc. employed non-exempt employees at two locations in California: Fontana and San Bernardino.  (See Virgen Decl., ¶ 5.)  Defendants argue that Plaintiff's allegations concerning meal period

violations place at least $1,666,583.10[1] in controversy, assuming a 50% violation rate. (Removal ¶29.)

### 2. Minimum Wage Penalties

Plaintiff alleges that she and other members of the Putative Class were required to work four or more hours without being authorized or permitted to take legally-mandated, duty-free rest breaks of 10 minutes for every four hours or major fraction thereof worked. (See Compl. ¶ 72.) Defendants argue that Plaintiff's allegations concerning rest break violations place at least $3,333,166.20[2] in controversy, assuming a 50% violation rate. (Removal ¶32.)

---

[1] Calculated as follows:

**San Bernardino:** 96 (minimum number of consistent employees) x 5 (meal periods missed per week) x $21.93 (minimum average hourly rate) x 49 (weeks per year) x 4 (years in statutory period) / 2 (50% violation rate) = $1,031,587.20.

**Fontana:** 77 (minimum number of consistent employees) x 5 (meal periods missed per week) x $16.83 (minimum average hourly rate) x 49 (weeks per year) x 4 (years in statutory period) / 2 (50% violation rate) = $634,995.90.

[2] Calculated as follows:

**San Bernardino:** 96 (minimum number of consistent employees) x 5 (rest breaks missed per week at 50% violation rate) x $21.93 (minimum average hourly rate) x 49 (weeks per year) x 4 (years in statutory period) = $2,063,174.40.

**Fontana:** 77 (minimum number of consistent employees) x 5 (rest breaks missed per week at 50% violation rate) x $16.83 (minimum average hourly rate) x 49 (weeks per year) x 4 (years in statutory period) = $1,269,991.80.

### 3. Rest Break Violations

Plaintiff seeks to recover allegedly unpaid minimum wages for purported off-the-clock work by her and members of the Putative Class. According to Plaintiff this was part of an alleged "uniform policy and systemic scheme." (Compl. ¶26). Defendants argue that Plaintiff's claim for penalties puts an additional $1,761,100.00[3] in controversy assuming a 100% violation rate. (Removal ¶37.)

### 4. Itemized Wage Statements

Plaintiff seeks to recover penalties for allegedly non-compliant itemized wage statements on behalf of herself and all members of the Putative Class. (See Compl. ¶¶ 95-101.) Defendants argue that Plaintiff's claim for penalties puts an additional $592,350.00[4] in controversy assuming at 100% violation rate. (Removal ¶40.)

---

[3] Calculated as follows:

> **San Bernardino:** 99 (number of consistently employed non-exempts in last year) x $100 (penalty for initial violation pay period) = $9,900.00, and 99 (number of consistently employed non-exempts in last year) x $250 (penalty for subsequent violation pay periods) x 51 (remaining pay periods) = $1,262,250.00.
>
> **Fontana:** 77 (number of consistently employed non-exempts in last year) x $100 (penalty for initial violation pay period) = $7,700.00, and 77 (number of consistently employed non-exempts in last year) x $250 (penalty for subsequent violation pay periods) x 25 (remaining pay periods) = $481,250.00.

[4] Calculated as follows:

> **San Bernardino:** $4,000 (maximum per employee penalty) x 99 (consistent number of employees during the year) = $396,000.00.
>
> **Fontana:** $3,850 (first violation penalties) + $192,500 (subsequent violation penalties) = $196,350.00.

5

Plaintiff takes issue with a number of these damages estimates, and generally alleges that many of the above calculation are speculative for purposes of calculating the amount-in-controversy.  (See Mot. at 5-0.)  The Court agrees that the information submitted by Defendants is insufficient to support its assumptions of 100% violation rates with respect to Plaintiff's rest break and itemized wage statements claim.  Defendants supported each of these calculations with a Declaration made by Pearl Virgen, Cott Inc.'s Director of Human Resources – West Region.  (Declaration of Pearl Virgen ("Virgen Decl.") (Removal Ex. 1.).)  In her Declaration, Virgean notes (1) the number of employees who worked for Defendants during the proposed class period; (2) how many total weeks were worked; (3) the average hourly wage for those employees; (4) the number of employees who left the company during the class period; and (5) the average rate of pay for the ex-employees.  (Virgean Decl. ¶¶ 2-5.)

As the Ninth Circuit explained in Garibay v. Archstone Communities LLC, 539 F. App'x 763 (9th Cir. 2013), such a declaration standing alone is insufficient to make assumptions about other aspects of the amount-in-controversy calculation, for example, the possible number of wage statement and waiting time violations.  In Garibay, the defendants submitted a "declaration by their supervisor of payroll, which set[] forth only the number of employees during the relevant period, the number of pay periods, and general information about hourly employee wages. Beyond this, the defendants rel[ied] on speculative and self-serving assumptions about key unknown variables." Id. at 764.  For example, nothing in the declaration

6

explained why each member of the class would be entitled to recovery for every pay period for inaccurate wage statements, or why each member of the class who had left the company would be entitled to the maximum statutory penalty for the waiting period claim. Id. With respect to meal and rest periods, the defendant in Garibay failed to "provide any evidence regarding why the assumption that each employee missed two rest periods per week was more appropriate than 'one missed rest period per paycheck or one missed rest period per month.'" Id.

Removals under CAFA using similar methodologies similarly have been rejected by district courts in California. See, e.g., Weston v. Helmerich & Payne Inter. Drilling Co., 2013 WL 5274283, at *6; (E.D. Cal. Sept. 17, 2013) ("Defendant provides no factual underpinning for the assumption that a meal and rest break violation occurred one time per week or why an overtime violation should be presumed to occur for four hours every week."); Emmons v. Quest Diagnostics Clinical Labs., Inc., 2014 WL 584393, at *6 (E.D. Cal. Feb. 12, 2014) ("Defendants conclude that because Plaintiffs allege that all class members were not provided with complete and accurate wage statements, Defendants are entitled to assume the maximum statutory penalty applies. This, however, is an improper assumption."); Marshall v. G2 Secure Staff, LLC, 2014 WL 3506608, at *2 (C.D. Cal. July 14, 2014) ("[P]arties may not rely on the assumption that the 100–percent violation rule applies *without supporting the assumption with evidence.*").

Moreover, since the Plaintiff here contests Defendants' amount-in-controversy calculations, Dart Cherokee makes clear that the requirements

7

of § 1446(c)(2)(B) must be met, namely that the a defendant must show by the preponderance of the evidence that the amount in controversy exceeds $5,000,000. Dart Cherokee, 135 S. Ct. at 554. As the Court finds that Defendants amount-in-controversy calculations are based on "speculation and conjecture" (see Lowdermilk v. U.S. Bank Nat'l Ass'n, 479 F.3d 994, 1002 (9th Cir. 2007), overruled on other grounds, Rodriguez v. AT & T Mobility Servs. LLC, 728 F.3d 975, 977 (9th Cir. 2013)), the Court disregards those calculations for the purpose of determining whether the amount-in-controversy is satisfied here.

### 5. Attorneys' Fees

Defendants calculated an amount in controversy for attorneys' fees ($2,451,066.33) using a 33% multiplier related to Plaintiff's meal and rest period violations. As CAFA's amount-in-controversy requirement has not been met here, the Court will remand this action. Moreover, because the Court remands on the basis that the amount-in-controversy requirement has not been met, the Court need not address Plaintiff's argument that the diversity of citizenship requirement had not been met. While courts in the Ninth Circuit have considered potential attorneys' fees in calculating the amount in controversy in wage and hour cases, Defendants' fees estimate is too conjectural to withstand its burden on removal. See, e.g., Jasso v. Money Mart Exp., Inc., 2012 WL 699465, at *6-*7 (N.D. Cal. Mar. 1, 2012); Hughes v. Fosdick, 2015 WL 3372396, at *4 (N.D. Cal. Apr. 29, 2015). Here, Plaintiff does not dispute that the Court may consider reasonable attorneys' fees, rather Plaintiff takes issue with calculating attorneys' fees

based on Defendants' conjectural amount-in-controversy estimates  Since the Court has already disregarded those calculations for the purpose of determining whether the amount-in-controversy is satisfied here, the Court similarly disregards the attorneys' fee calculations.

### IV.  CONCLUSION

For the reasons stated above, the Court GRANTS the Motion and REMANDS this action to the California Superior Court for the County of San Bernardino.

Dated:  11/17/15

Virginia A. Phillips
United States District Judge